**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAMARILLO HOLDINGS, LLC, LEEWARD HOLDINGS, LLC, MEDALIST HOLDINGS, INC., CEREUS PROPERTIES, LLC, MICHAEL LACEY, JAMES LARKIN, SCOTT SPEAR, JOHN BRUNST, VERMILLION HOLDINGS, LLC, and SHEARWATER INVESTMENTS, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>AMSTEL RIVER HOLDINGS, LLC, KICKAPOO RIVER INVESTMENTS LLC, LUPINE HOLDINGS LLC, ATLANTISCHE BEDRIJVEN, C.V., CF HOLDINGS GP LLC, CF ACQUISITIONS LLC, UGC TECH GROUP, C.V., AD TECH HOLDINGS GP BV, AD TECH COOPERATIEF U.A., AD TECH BV, CARL FERRER, DARTMOOR HOLDINGS, LLC, IC HOLDINGS, LLC, BACKPAGE.COM, LLC, WEBSITE TECHNOLOGIES, LLC, POSTING SOLUTIONS, LLC, POSTFASTER, LLC, CLASSIFIED STRATEGIES COOPERATIEF U.A., PAYMENT SOLUTIONS, B.V., CLASSIFIED SOLUTIONS LTD., and LES BACKPAGE ENTERPRISES INC.,<br><br>  Defendants. | C.A. No._____ |

**NOTICE OF REMOVAL BY DEFENDANTS
CARL FERRER, BACKPAGE.COM, LLC,
AMSTEL RIVER HOLDINGS, LLC, AND WEBSITE TECHNOLOGIES, LLC**

Defendants Carl Ferrer ("Ferrer"), Backpage.com, LLC ("Backpage"), Amstel River Holdings, LLC ("Amstel"), and Website Technologies, LLC ("Website Tech" and, collectively, the "Removing Defendants"), by their undersigned counsel, hereby remove the civil action captioned *Camarillo Holdings, LLC, et al. v. Amstel River Holdings, LLC, et al.*, C.A. No. 2018-

0606-SG filed on August 16, 2018 in the Delaware Court of Chancery (the "State Court Action") to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Copies of the process and pleadings served on certain Defendants in the State Court Action, including a copy of the complaint (the "Complaint"), are attached as Exhibits A-D.

## Background

1. On August 16, 2018, the above-captioned plaintiffs ("Plaintiffs") commenced this action against the above-captioned defendants ("Defendants") in the Delaware Court of Chancery.

2. According to the docket in the State Court Action, and assuming without conceding the sufficiency of service and process, the earliest-served Defendants were served with the Complaint on August 23, 2018, and the Removing Defendants filed this notice of removal within the 30-day time period provided by 28 U.S.C. § 1446(b).

3. The crux of Plaintiffs' case is that, in April 2015, Defendant Ferrer and various affiliates acquired the Plaintiffs' Backpage.com website and online-ad business in a leveraged buyout.  However, federal authorities have indicted and sued the Plaintiffs based upon the sham sale transaction and Plaintiffs' use of Backpage.com as an unlawful venture rife with federal criminal activities and money laundering under 18 U.S.C. § 371 (Conspiracy), 18 U.S.C. § 1952(a)(3)(A) (Facilitating Prostitution), 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering), 18 U.S.C. § 1956(a)(1)(B)(i) (Concealment of Money Laundering), 18 U.S.C. § 1956(a)(2)(A) (International Promotional Money Laundering), 18 U.S.C. § 1957(a) (Transactional Money Laundering), and 18 U.S.C. § 1956(a)(2)(B)(i) (International Concealment Money Laundering).  See United States v. Lacey, Larkin, et al., Case No. 2:18-cr-00422-SPL, D. Ariz.

4. As part of the purported buyout, Plaintiffs asserted the Defendants made "sizeable advanced fee deposits with a number of law firms" to represent both the Plaintiffs and Defendants

in numerous federal investigations and federal and state lawsuits detailed in and attached to Plaintiffs' Complaint.  Notwithstanding the issues pending before the Arizona District Court, Plaintiffs have requested that the Court of Chancery in the State Court Action (a) adjudicate that the underlying "Purchase and Loan Agreements" are legal, valid, binding, and enforceable, and (b) declare that the retainers held at various law firms such as Davis Wright Tremaine, LLP, Perkins Coie LLP, and others are subject to the sole ownership and use of the Plaintiffs.  However, the issues of forfeiture and seizure of these retainer funds have been preempted by federal law and are pending in federal district court.  *See United States v. Carl Allen Ferrer*, Case No. 2:18-cr-464-SPL (D. Ariz.) and *United States v. Backpage.com, LLC*, Case No. 2:18-cr-465-SPL (D. Ariz.).

5. Plaintiffs Lacey and Larkin are the lead defendants in Arizona District Court in pending federal criminal indictments on 100 federal charges of conspiracy, facilitating prostitution, conspiracy to commit money laundering, concealing money laundering, international promotional money laundering, transactional money laundering, and international concealment money laundering.

6. The federal charges against Plaintiffs Lacey and Larkin include the same allegations by those Plaintiffs in this case concerning a purported sale from Plaintiffs to Defendants, which sale, according to a federal indictment was a criminal sham.

*7.* Importantly, at least one federal court indictment illustrates numerous facts dating back to 2007 – nearly a decade before the Plaintiffs purportedly sold their business to the Defendants in April 2015 – concerning Plaintiffs' criminal knowledge.  The criminal charges against Plaintiffs Lacey and Larkin are at the heart of the purported purchase and loan documents Plaintiffs belatedly ask the Court of Chancery in the State Court Action to deem valid, legal, binding and enforceable.

8. The legal retainers and other property of Defendants that Plaintiffs put at issue in the State Court Action already are subject to other pending federal indictments and litigation, plea agreements, forfeiture orders, and seizure warrants. Those plea agreements, orders, and warrants forfeit to the Federal Government the very property that Plaintiffs seek access to in the State Court Action and can be challenged only in federal district court, not in a state court. By way of example, but not limitation, examples of certain of those plea agreements orders and warrants are included below.

## Basis for Removal

9. Removal is proper under 28 U.S.C. § 1441(c) because, among other reasons, Plaintiffs' purported state law claims for advancement of legal fees are collateral attacks on federal indictments, plea agreements, forfeiture orders, and seizure warrants which can be challenged only in federal district court. *See* 21 U.S.C.A. § 853; *see also* Supremacy Clause, Article VI, Clause 2 of the U.S. Constitution.

10. On April 5, 2018, both Ferrer and Backpage entered into Plea Agreements with the United States of America. Other Defendants in this case, including Amstel River Holdings, LLC, UGC Tech Group, BV, Ad Tech BV, Website Technologies, LLC, and Posting Solutions, LLC similarly have entered into plea agreements to forfeit their assets to the United States. These Plea Agreements have been unsealed by subsequent orders of the United States District Court for the District of Arizona. Pursuant to those Plea Agreements, the Backpage entities have shut down website operations and agreed to forfeit to the United States "all corporate assets and other property owned or controlled" by them. These forfeited assets include: "domain names, servers, intellectual property, trademarks, trade secrets, bank accounts, cryptocurrency, and other financial instruments owned or controlled by such entities."

11. Also, on May 16, 2018, the Arizona District Court entered Preliminary Orders of Forfeiture against both Ferrer and Backpage ("Forfeiture Orders"). The Forfeiture Orders forfeited all "rights, title, and interest" in and to the property defined as the "Forfeited Property," which includes bank accounts, both foreign and domestic, real property, domain names, security deposits and retainers/deposits for future services, reserves and accounts receivable, both foreign and domestic, and trademarks and other intellectual property. In August 2018, federal authorities began executing seizure warrants against the law firms and trust accounts at stake in the State Court Action.

12. The Forfeiture Orders, by their express terms, prohibit a challenge to such Orders in any venue other than a federal district court. For example, the Orders provide that:

> Other than each defendant, any person asserting a legal interest in the Forfeited Property may, within thirty (30) days of the publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of this order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).
>
> Any petition filed by a third party asserting an interest in the Forfeited Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's purported right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. *See* 21 U.S.C. § 853(n)(3).
>
> The United States shall have clear title to the Forfeited Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

13. The legal retainers that Plaintiffs put at issue in the State Court Action already have vested in the United States. *See U.S. v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999) ("Pursuant to 21 U.S.C.A. § 853(c) and the Supplemental Order, all right, title, and interest in the forfeited property vest[s] in the United States upon the commission of the act giving rise to the forfeiture.").

Section 853(k) further provides that once an indictment is issued, "commencing an[y] action at law or equity against the United States concerning the validity of [its] alleged interest in the property ... subject to forfeiture" is barred by § 853(k). *Id*. The district court retains "exclusive jurisdiction over the [seized] property . . . at least until the property is sold or otherwise disposed of." *U.S. v. MacInnes*, 223 F. App'x 549, 553 (9th Cir. 2007).

14. Even actions "technically" brought against a criminal defendant and not the United States constitute "an action at law or equity against the United States" and are statutorily barred under § 853(k) if the Government holds title to the seized property. *Phillips*, 185 F.3d at 188 (citing *U.S. v. Sec. Marine Credit Corp.*, 767 F. Supp. 260, 262–63 (S.D. Fla. 1991) for its holding that § 853(k) bars all alternative methods under which a third party might assert its claim over forfeited property once the forfeiture proceedings have commenced).

15. Section 853(g) gives courts broad powers and § 853(o) directs them to construe § 853 "liberally ... to effectuate its remedial purposes." *MacInnes*, 223 F. App'x at 552-53. Even though a recognized right may be valid, "the extent of its validity can only be litigated in front of the district court pursuant to § 853(n). *Id* at 553. Section 853(k) extinguishes the right of "interested parties to enforce their rights against the Government through separate civil litigation." *Id.*; s*ee also See Marzouca v. GFG Realty Fund, LLC*, 2012 U.S. Dist. LEXIS 35662, at *6-8 (D.S.C. Mar. 16, 2012) (granting removal of private foreclosure action to federal court and granting motion to dismiss under § 853(k)(2); the post-indictment filing of the foreclosure action was barred as an "action against the United States" even though the Government was not named as a party because the U.S. had a vested interest in the property under the relation back doctrine); *Miller v. United States*, 2004 U.S. Dist. LEXIS 10894 (N.D. Tex. 2004) (wife who received notice of the ancillary

proceeding and did not file a claim could not file a separate action against the United States in state court to recover the funds; action removed to federal court and dismissed).

16. The indictments, plea agreements, forfeiture orders, and seizure warrants forfeited Defendants' assets to the United States and are subject to the jurisdiction of the federal courts. The validity of the sale as a sham already is pending in federal court as such.

### The Procedural Requirements for Removal Are Met

17. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(c).

18. To the extent required for a removal under 28 U.S.C. § 1441(c), as opposed to § 1441(a), and without conceding proper joinder or service, all Defendants have consented in writing to this removal as reflected on the attached Consent to Removal, which consents are incorporated herein by reference.

19. Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as required by 28 U.S.C. § 1446(a).

20. The Removing Defendants promptly will file a copy of this notice of removal with the clerk of the Delaware Court of Chancery where the suit has been pending. *See* 28 U.S.C. §§ 1446(a), (d).

### Conclusion

21. The Removing Defendants ask that the Court remove this suit to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

| | |
|---|---|
| Dated:  September 19, 2018 | **CHIPMAN BROWN CICERO & COLE, LLP** |
| OF COUNSEL |  */s/ Paul D. Brown*  <br>Paul D. Brown (No. 3903) |
| Mark A. Castillo <br> Curtis \| Castillo PC <br> 901 Main St., Ste. 6515 <br> Dallas, TX 75202 <br> Telephone: 214.752.2222 <br> Fax: 214.752.0709 <br> Email: mcastillo@curtislaw.net | Joseph B. Cicero (No. 4388) <br> Hercules Plaza <br> 1313 North Market Street, Suite 5400 <br> Wilmington, DE  19801 <br><br> *Attorneys for Defendants Carl Ferrer, Backpage.com, LLC, Amstel River Holdings, LLC, and Website Technologies, LLC* |