## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAMARILLO HOLDINGS,<br>LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-01456-UNA |
| | ) | |
| AMSTEL RIVER HOLDINGS,<br>LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION
## OF THEIR MOTION TO REMAND

Plaintiffs filed their action in the Delaware Court of Chancery as a summary proceeding, seeking to enforce their rights to advancement of defense costs and expenses incurred in underlying litigation which are currently proceeding.  On the eve of the Court of Chancery's hearing on Plaintiffs' Motion to Expedite (set for September 20), Defendants, seeking to delay adjudication of Plaintiffs' claims, filed the Notice of Removal on September 19.  For the reasons set forth below, Plaintiffs seek expedited treatment of the Motion for Remand, filed contemporaneously herewith.

1.    Plaintiffs filed their action in the Court of Chancery on August 16, 2018.  After Defendants were served and their counsel identified themselves to

Plaintiffs' counsel, a hearing on Plaintiffs' Motion to Expedite (which was filed with the Complaint) was set for September 20, 2018.  Defendants filed their opposition to the motion on September 14 and Plaintiffs filed their reply on September 18, 2018.

2.      The Court of Chancery repeatedly has held that advancement plaintiffs should be afforded prompt consideration of their advancement claims and granted motions to expedite. *See, e.g.*, *Bergonzi v. Rite Aid Corp.*, 2003 WL 22407303 at *4 (Del. Ch. Oct. 20, 2003) ("The adoption of section 145(k) 'reflects a policy determination by the General Assembly that the Court of Chancery should be receptive to and accord expedited treatment to claims for advancement of expenses raised by putative corporate indemnities'") (quoting *Fuisz v. Biolval Techs., Inc.*, 2000 WL 1277369 (Del. Ch. Sept. 6, 2000).

3.      Indeed, for an advancement right to have meaning, the issues must be decided promptly and before the conclusion of the underlying litigation or investigation. *See Tafeen v. Homestore, Inc.*, 2005 WL 1314782, at *3 (Del. Ch. May 26, 2005) *aff'd,* 886 A.2d 502 (Del. 2005) (finding "to be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost because the failure to advance fees affects the counsel the director may choose and litigation strategy that the executive or director will be able to afford."); *In re Lipson v. Supercuts, Inc.*, 1996 WL 560191, at *2 (Del. Ch. Sept. 10, 1996) ("By its very nature, a proceeding of this kind must be summary in character,

2

because if advance indemnification is to have any utility or meaning, a claimant's entitlement to it must be decided relatively promptly."). If a claim for advancement is delayed, it could eviscerate the very right; that is, the right to receive payment of the litigation expenses during the litigation. *See*, *Tafeen*, 2005 WL 1314782 at *2 (finding "it is clear to the Court that [plaintiff] would suffer severe and irreparable harm as a result of the stay [of the advancement proceeding] because it would prevent [plaintiff] from adequately defending himself in the numerous ongoing litigations in which Tafeen is a defendant.")

4.      Plaintiffs have important advancement rights which are critical to their being able to have counsel of their choosing defend them in the on-going pending civil and criminal matters. Defendants advanced defense costs for Plaintiffs for several years without dispute. But earlier this year Defendants, in breach of their breach of their obligations, stopped advancing defense costs. In addition, Defendants demanded return of funds held in IOLTA accounts by Plaintiffs' counsel in the underlying matters, thereby preventing counsel from drawing on the retainers. Thus, it was Defendants' actions that necessitated the filing of the Chancery action.

5.      To avoid the Court of Chancery ruling on Plaintiffs' Motion to Expedite, Defendants filed the Notice of Removal. The filing is a delay tactic. If Defendants' had not filed the notice, we believe the Court of Chancery, consistent with the strong public policy of the State of Delaware, would have granted the

Motion to Expedite.  To avoid the intended delay, Plaintiffs request that the Court grant expedited treatment to their Motion to Remand.  Plaintiffs propose that Defendants be required to file any opposition by Friday, September 28, 2018 and that Plaintiffs be permitted to file their reply by Thursday, October 4, 2018.  If the Court desires oral argument on the Motion to Remand, Plaintiffs request that such argument be scheduled at the Court's earliest convenience.

September 21, 2018                         SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (No. 2898)
Robert K. Beste (No. 3931)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
kmiller@skjlaw.com
rkb@skjlaw.com

*Attorneys for Plaintiffs*

## RULE 7.1.1 CERTIFICATION

I certify that on September 21, 2018, I talked with Delaware counsel for Defendants regarding Plaintiffs' motion for expedited treatment of their motion to remand.  Defendants would not consent to the relief requested.

Date:  September 21, 2018             */s/ Kathleen M. Miller*
                                      Kathleen M. Miller (I.D. No. 2898)