IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMARILLO HOLDINGS LLC, LEEWARD HOLDINGS, LLC, MEDALIST HOLDINGS, INC., CEREUS PROPERTIES, LLC, MICHAEL LACEY, JAMES LARKIN, SCOTT SPEAR, JOHN BRUNST, VERMILLION HOLDINGS, LLC and SHEARWATER INVESTMENTS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMSTEL RIVER HOLDINGS, LLC, KICKAPOO RIVER INVESTMENTS LLC, LUPINE HOLDINGS LLC, ATLANTISCHE BEDRIJVEN, C.V., CF HOLDINGS GP LLC, CF ACQUISITIONS LLC, UGC TECH GROUP, C.V., AD TECH HOLDINGS GP BV, AD TECH COOPERATIEF U.A., AD TECH BV, CARL FERRER, DARTMOOR HOLDINGS, LLC, IC HOLDINGS, LLC, BACKPAGE.COM, LLC, WEBSITE TECHNOLOGIES, LLC, POSTING SOLUTIONS, LLC, POSTFASTER, LLC, CLASSIFIED STRATEGIES COOPERATIEF U.A., PAYMENT SOLUTIONS, B.V., CLASSIFIED SOLUTIONS LTD., and LES BACKPAGE ENTERPRISES INC.,<br><br>Defendants. | C.A. No. 18-1456-LPS |

Kathleen M. Miller and Robert K. Beste, III, SMITH, KATZENSTEIN, & JENKINS LLP, Wilmington, DE.
    Attorneys for Plaintiff

Paul D. Brown and Joseph B. Cicero, CHIPMAN BROWN CICERO & COLE, LLP, Wilmington, DE.
Mark A. Castillo, CURTIS CASTILLO PC, Dallas, TX.
    Attorneys for Defendants

**MEMORANDUM OPINION**

October 23, 2018
Wilmington, Delaware

**STARK, U.S. District Judge:**

On August 16, 2018, Plaintiffs Camarillo Holdings, LLC, et al. ("Plaintiffs") filed a verified complaint in the Court of Chancery of the State of Delaware against Defendants Amstel River Holdings, LLC et al. for the advancement of legal fee deposits made with several law firms (the "Retainers"). (D.I. 1 Ex. A) On September 19, 2018, Defendants Carl Ferrer, Backpage.com, LLC, Amstel River Holdings, LLC, and Website Technologies LLC (together, "Defendants") filed a notice of removal, which brought the Chancery action to this Court. (D.I. 1) Subsequently, on September 21, 2018, Plaintiffs filed a motion to remand this matter to the Court of Chancery (D.I. 4) and to expedite consideration of the motion to remand (D.I. 6). On September 26, 2018, Defendants filed a motion for extension of time to answer Plaintiffs' verified complaint (D.I. 11) and, on October 17, 2018, they filed a motion to dismiss (D.I. 17).

For the reasons stated below, the Court will grant Plaintiffs' motion to remand and deny as moot the remaining motions.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441(a), any defendant may remove a civil action from state court to a federal court in which the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Removal provisions "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted).

1

# DISCUSSION

Defendants have failed to meet their burden to show that this case is properly in federal court.

Defendants first argue that removal is proper under 28 U.S.C. § 1442(a)(1) because, in Defendants' view, the present suit is "an action against the United States." (D.I. 14 at 6-11) Defendants' position is based on their contentions that (1) the United States has identified one of the requested Retainers – the Davis Wright Tremaine Retainer – as being subject to forfeiture under 21 U.S.C. § 853; (2) there is no logical difference between the Davis Wright Tremaine Retainer and the other Retainers at issue in this case; and (3) therefore, the Retainers sought in this action by Plaintiffs have all vested with the United States. (*Id.* at 6-10) On October 20, 2018, Defendants notified this Court that a forfeiture order entered by the U.S. District Court for the District of Arizona has been amended and now appears to cover all Retainers at issue here. (*Compare* D.I 19 Ex. A *with* D.I. 1 Ex. A at 57-68) To Defendants, while Plaintiffs have pled this case nominally as an advancement action against Defendants, because the Retainers have been forfeited to the United States, it is actually a suit against the United States. (D.I. 14 at 6-11) Plaintiffs counter that the Retainers have not, in fact, been forfeited. (D.I. 5 at 13-14; D.I. 16 at n.4)

Even assuming, without deciding, that Defendants have forfeited the Retainers to the United States, this action would still not be removable under Section 1442(a)(1). Plainly, this action does not name the United States as a defendant; nor has the United States sought to intervene in it. Defendants' reliance on *United States v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999), is unavailing. There, unlike here, the plaintiff had sued the United States under federal law. *See id.* at 185. Moreover, *Phillips* decided whether a foreclosure sale on a property

2

forfeited to the United States was void because, although the foreclosure was "technically" against a mortgagor, it nonetheless constituted "an action at law or equity against the United States," and was barred by the criminal asset forfeiture statute, 21 U.S.C. § 853(k). *Id.* at 188. The *Phillips* Court's holding has little, if any, application to the pending motion to remand, which is governed instead by the removal statute, 28 U.S.C. § 1442.

Defendants next argue that removal is proper under 28 U.S.C. § 1441(c) because this Court purportedly has federal question jurisdiction in this action. (D.I. 14 at 11-13) According to Defendants, Plaintiffs' demand for the Retainers may only be litigated pursuant to 21 U.S.C. § 853(n), which specifies procedures for a third-party to assert an interest in property forfeited to the United States. (*Id.*) Plaintiffs dispute that the Retainers have been forfeited (D.I. 5 at 13-14; D.I. 16 at n.4) and further contend that Defendants have no standing to assert the bar of § 853 (D.I. 5 at 13 ("If Defendants have no interests in the Retainers . . ., they have no basis on which to object to Plaintiffs' requested relief."); D.I. 16 at 6).

Assuming, again without deciding, that Defendants have standing to assert § 853, and that Plaintiffs may only proceed through a § 853(n) proceeding, removal would still be improper. The availability of an unasserted federal claim does not provide this Court with federal-question jurisdiction. Instead, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392 (internal citation omitted). Here, the face of the complaint does not present any federal claims. Nor does the complaint "artfully plead" around necessary federal questions, contrary to Defendants' allegation. (D.I. 14 at 4-5) Defendants' contention that 21 U.S.C. § 853(k) bars Plaintiffs' advancement action is a federal defense; under the well-pleaded complaint rule, it does create federal jurisdiction. *See Caterpillar*, 482 U.S. at 392-93

3

("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. . . . [A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Defendants may contest the validity of the advancement claim in the Court of Chancery.

Defendants' final purported basis for removal is the All Writs Act, 28 U.S.C. §1651(a), which they view as providing an independent basis for federal jurisdiction. (D.I. 14 at 13-14) However, "the All Writs Act cannot be employed to remove an otherwise unremovable case." *In re Prudential Ins. Co. of America Sales Practices Litigation*, 314 F.3d 99, 106 (3d Cir. 2002) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002)). Defendants' reliance on the All Writs Act, then, is unavailing.

As Defendants have demonstrated no proper basis for removal, the Court will not reach Plaintiffs' alternative argument that Defendants waived any right to remove by agreeing to forum selection clauses.

Although the Court has rejected each of Defendants' identified grounds for removal, it finds that Defendants had an objectively reasonable basis for seeking removal. Therefore, the Court will deny Plaintiffs' request for fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Finally, because this case is being remanded to the Court of Chancery, Plaintiffs' motion to expedite as well as Defendants' motions for an extension of time and to dismiss will be denied as moot. An appropriate order follows.